IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edrian Donyae Wright a/k/a Yae a/k/a Yaeyo, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 0:20-cv-01877-TMC |
| vs. | ) ) ) | **ORDER** |
| South Carolina Department of Corrections, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Edrian Donyae Wright, proceeding *pro se* and *in forma pauperis*, brought this civil action to 42 U.S.C. § 1983. *See* (ECF Nos. 1; 7). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 25, 2020, the magistrate judge issued an order directing Plaintiff to provide the necessary information and paperwork to bring the case into proper form and to keep the court informed as to any change of his address. (ECF No. 7 at 1–2). The order also warned Plaintiff that failure to provide the necessary information to bring the case into proper form within the time permitted or to keep the court apprised of any change in his address may subject the case to dismissal. *Id*. at 1, 2. That same day, the magistrate judge also entered an order advising Plaintiff that his Complaint is subject to summary dismissal because Defendant South Carolina Department of Corrections ("SCDC") is not amendable to suit under § 1983. (ECF No. 8 at 3–4). Accordingly, the magistrate judge granted Plaintiff twenty-one (21) days in which to file an amended complaint curing the deficiencies set out in the order. *Id*. at 4. The order further warned Plaintiff that, if he failed to file an amended complaint, the magistrate

judge would recommend that the action be dismissed.  *Id*.

In response to the proper form order, Plaintiff provided some of the required documents, but they were not completed correctly.  (ECF Nos. 10; 12).  Plaintiff also failed to file an amended complaint,[1] and the time to do so has expired.  Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for the reasons set forth in her June 25th order, (ECF No. 8), regarding Plaintiff's failure to state a claim for which relief may be granted.  (ECF No. 17).  Plaintiff was advised of his right to file objections to the Report.  *Id*. at 3.  Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is

---

[1]  On July 20, 2020, Plaintiff sent a letter to the court indicating that he had already submitted two amended complaints. (ECF No. 11).  However, the court has received no such filings.  Rather, the court understands Plaintiff's reference to two "amended complaints" to refer to the two proposed summons that he submitted to the court, (ECF Nos. 10; 12), in which he attempted to name two individual defendants instead of SCDC.  These documents do not contain any factual or legal allegations and do not constitute amended complaints.

not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 17), and incorporates it herein. Accordingly, the court finds that the Complaint is subject to summary dismissal for failure to state a claim for which relief can be granted. Therefore, this case is **DISMISSED without prejudice**.[2]  The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

IT IS SO ORDERED.

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 20, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] This action constitutes a "strike" pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).